Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2726 | **DATE** | 10/30/2002 |
| **CASE TITLE** | Kozmer vs. United Air Lines, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 1/30/2003 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** We grant United's motion (Doc 11-1) to dismiss. We also note that the retaliation claim based on the Family Medical Leave Act is not a subject of the instant motion to dismiss. All other pending motions are denied. All discovery to be completed by January 30, 2003.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | OCT 31 2002 | date docketed | 17 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SUE E. KOZMER, )
)
Plaintiff, )
)
vs. ) 02 C 2726
)
UNITED AIR LINES, INC., )
)
Defendant. )

DOCKETED
OCT 3 1 2002

# MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter is before the court on Defendant United Airlines, Inc.'s ("United") motion to dismiss Plaintiff Sue E. Kozmer's ("Kozmer") complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, we grant United's motion to dismiss.

## BACKGROUND

Kozmer was hired by United on August 4, 1984, and was promoted to a supervisor position in 1987. During December of 1994 Kozmer sustained a work-related injury to her hands that she claims left her with a permanent disability. In 1997 she returned to work and was assigned a different position. In September of 2000 Kozmer requested that United replace or repair her keyboard and she was removed

from her position. Kozmer returned to United part-time after surgery on January 22, 2001. Despite numerous requests and complaints to the management starting from September 2000 onward, Kozmer claims that United failed to reasonably accommodate her disabilities. According to Kozmer, by April of 2001 she was permanently placed in a newly created position without reasonable accommodations. Kozmer claims that the new position has in effect lowered her status to that of a clerk and that she is unable to perform the tasks required of her. Kozmer met with management on April 30, 2001 to discuss her complaints. On May 16, 2001, United placed Kozmer on a leave of absence. Kozmer alleges that United violated its own policies with regard to leave of absences. Furthermore, Kozmer alleges that United retaliated against her for submitting complaints of disability discrimination and for exercising her rights under the Family Medical Leave Act.

Kozmer filed charges of discrimination with the EEOC on January 23, 2002. Kozmer received a notice of right to sue letter from the EEOC on January 28, 2002. On April 16, 2002, Kozmer filed a *pro se* complaint alleging that United discriminated against her based on her disability in violation of the Americans with Disabilities Act ("ADA"); that United retaliated against her for complaining about disability discrimination; and that United failed to reasonably accommodate her disability at the workplace.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the legal sufficiency of a complaint, not to decide the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, all well pleaded facts and allegations in the plaintiff's complaint must be taken as true and all reasonable inferences drawn in a light most favorable to the plaintiff. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Furthermore, a *pro se* complaint will be liberally construed and held to a less stringent standard than formal pleadings drafted by an attorney. *See Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). With these principles in mind, we now address the motion before us.

## DISCUSSION

United argues that all counts relating to allegations of discrimination and violations of the ADA are time-barred and must be dismissed because Kozmer failed to file charges within 300 days of the alleged discrimination. In Illinois a plaintiff must file a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice. *See* 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(e); *Fairchild v.*

*Forma Scientific, Inc.*, 147 F.3d 567, 574 (7th Cir. 1998) (stating that ADA adopts enforcement procedures of Title VII and that period is extended to 300 days). A claim based on any of Kozmer's allegations that occurred more than 300 days before filing the EEOC charge on January 23, 2002 is time-barred. Thus only alleged events that occurred after March 29, 2001 will be considered.

Kozmer states generally in her complaint that United discriminated against her in September 2000 "through the present." In its motion to dismiss United pointed out that in her complaint Kozmer had not alleged any acts of discrimination which occurred after March 29, 2001. Kozmer responded in her answer by providing the specific instances of discrimination and retaliation. However, none of the allegations in the answer fall within the allowable 300 day limitations period. According to Kozmer, "[b]y April, 2001" she was placed in a new position which she was unqualified for because of her disability and which consisted of tasks that effectively lowered her status to that of a "clerk." It is not clear from this statement when she was placed in the new position. Although, Kozmer is a pro se plaintiff and on this motion all reasonable inferences and ambiguities are to be determined in her favor, Kozmer must do more than provide broad ranges of possible dates of discrimination, particularly when there is a legitimate issue as to whether her claims are time barred. Also, a reasonable interpretation of her being in her new position "by April" would be

that she was placed in the new position sometime in March which would be time barred unless it was done on March 30 or 31. However, we need not resort to speculation to determine the discrimination which is the basis of Kozmer's claim. She was given ample opportunity to present at least the operative facts that are the basis of her claim and she has failed to do so.

We note that Kozmer's answer is somewhat disjointed. United has commented in its reply on a supposed retaliatory action taken against Kozmer after March 29, 2001 that could be inferred from Kozmer's answer. In her answer Kozmer mentions being placed in the new position "[b]y April, 2001" and then states that "this was a deliberate retaliation for complaining to management on the following issues that developed prior to January 22, 2001 . . .." Kozmer then lists those issues and states that she met with management "to discuss resolving those issues on April 30, 2001." One possible inference from those statements is that Kozmer complained about those issues to management on April 30 and was later placed in the new position sometime after April 30 in retaliation. However, if that were the case, then she would have been placed in the new position sometime in May which would be inconsistent with her statement that she was placed in the new position "[b]y April." Another inference that is reasonable from the above allegations is that she was placed in the new position before April 30 in retaliation for complaining to management and then later met with

management on April 30 to reiterate the same complaints. This is reasonable in light of the many other allegations that indicate she complained to United prior to April 30 and in light of her statement in her EEOC charge where she stated that on "April 30, 2001 [she] *continued* to complain to management . . . ." (Emphasis added.)

Kozmer also states that on May 16, 2001 she was placed on illness leave because she could not perform the tasks of the new position. However, being placed on leave was merely the ultimate outcome after the alleged wrongful conduct of her being placed in the new position that she was not able to perform. The leave is not a new act of discrimination or retaliation. Finally, we note that Kozmer claims that she contacted the EEOC prior to January, 2002, but in an appended exhibit to Kozmer's answer is a letter dated January 26, 2001 to Kozmer from the EEOC. The letter states that the EEOC investigator received her correspondence concerning employment discrimination, but warns her that her correspondence is not a charge and informs her of the 300 day limitations period. Therefore we grant the motion to dismiss and we need not address United's argument that this court lacks jurisdiction due to the fact that Kozmer was prematurely given a right to sue notice by the EEOC.

## CONCLUSION

Based on the foregoing reasons, we grant United's motion to dismiss. We also note that the retaliation claim based on the Family Medical Leave Act is not a subject of the instant motion to dismiss.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: October 30, 2002